Requestor: Warren M. Gould, Village Attorney Village of Upper Nyack 271 North Avenue New Rochelle, New York 10801
Written by: John McConnell, Assistant Attoney General
You have informed us that the Village of Upper Nyack has annexed territory within the neighboring Valley Cottage Fire District (VCFD), located in the Town of Clarkstown. At the time of this annexation, the Clarkstown town board took no action with respect to the boundaries of the fire district. You have also informed us that the Nyack Fire Department (NFD), is a confederation of eight independent fire companies incorporated under L 1887, ch 107, as amended. According to article XXIV of the by-laws of the NFD (as adopted April 13, 1989), its boundaries "shall include all of the territory within the boundary lines of the Village of Nyack, South Nyack, and Upper Nyack".
Your question has three parts. First, you wish to know whether the area served by the NFD automatically broadens to include the area annexed by the village to the exclusion of the VCFD. If not, you wish to know whether the establishment of exclusive NFD fire protection jurisdiction over the annexed area requires an amendment of ch 107, L 1887, as amended, or whether such change might be pursued through other means. Finally, in lieu of altering the boundaries of the fire department or district, you wish to know whether fire protection services might be provided by agreement between the NFD and the VCFD.
The State's municipal annexation law provides that the annexation of the territory of a town by a village "shall not affect the boundaries . . . of any fire district, fire protection district, or fire alarm district" (General Municipal Law, § 716[12]; Informal Opinion No. 89-19). A fire district is required to furnish fire protection services to all property within its boundaries (Fallica v Town of Broadhaven, et al.,69 A.D.2d 579 [2d Dept, 1979], mod on other grnds 52 N.Y.2d 794 [1980]; 1983 Op Atty Gen [Inf] 61). While the by-laws of the NFD clearly indicate inclusion of the annexed portion of the VCFD, this in no way diminishes the latter's fire protection responsibilities in the area. Thus, under State law the annexation of territory of a town by a village does not affect the provision of fire protection by an existing fire district.
We are of the opinion that an agreement by which the NFD would provide fire protection to the annexed area may be authorized under Town Law, § 176(22). This statute provides that the board of fire commissioners in any fire district
 "may contract for the furnishing of fire protection within the fire district with any city, village, fire district, or incorporated fire company having its headquarters outside such fire district and maintaining adequate and suitable apparatus and appliances for the furnishing of fire protection in such district; provided there is no fire company maintaining its headquarters in said district or provided the fire department of said district is, in the judgment of such fire commissioners, unable to render adequate and prompt fire protection to such district or any area thereof".
Should the board of fire commissioners of the VCFD conclude that present circumstances prevent the Valley Cottage Fire Department from rendering "adequate and prompt" fire protection to that portion of the district now contained in Upper Nyack, this provision authorizes a contract for the provision of these services. Section 176(22) requires notice and a public hearing prior to entering into such a contract and contains additional circumscribing provisions. In that you have informed us that the Nyack Fire Department is a confederation of fire companies serving the Villages of Upper Nyack, Nyack and South Nyack, we believe that all three villages must be parties to the contract.
We conclude that the exclusive firefighting jurisdiction of a village fire department does not automatically expand upon annexation by the village of territory in a neighboring fire district; and an agreement by which a village fire department would provide services to an annexed portion of a fire district is possible under Town Law, § 176(22).
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.